UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry Z., <br><br> Petitioner, <br><br> v. <br><br> Merrick Garland, U.S. Attorney General; Alejandro Mayorkas, Secretary, Department of Homeland Security; Tae D. Johnson, Acting Director, Immigration and Customs Enforcement; Marcos Charles, Director, St. Paul Field Office, Immigration and Customs Enforcement; and Kurt Freitag, Sheriff, Freeborn County, <br><br> Respondents. | Civ. No. 21-1030 (NEB/BRT) <br><br> **REPORT AND RECOMMENDATION** |

Hanne M. Sandison, Esq., The Advocates for Human Rights Refugee and Immigrant Program, counsel for Petitioner.

Ana H. Voss, Esq, David W. Fuller, Esq., Assistant United States Attorneys, counsel for Respondents Merrick Garland, Alejandro Mayorkas, Tae D. Johnson, and Marcos Charles.

David J. Walker, Esq., Freeborn County Attorney's Office, counsel for Kurt Freitag.

BECKY R. THORSON, United States Magistrate Judge.

## INTRODUCTION

This matter is before the Court on the Petition of Larry Z. for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the

reasons discussed below, this Court recommends that Petitioner's Petition for habeas corpus relief be dismissed as moot.

## BACKGROUND

On March 6, 2008, after underlying criminal proceedings, an immigration judge ordered Petitioner's removal from the United States of America. (*See* Doc. No. 1 at 6.) Many years later, on October 2, 2020, Petitioner was taken into immigration custody. (*Id.* at 7.)

On April 21, 2021, Petitioner filed a Petition for Habeas Corpus relief, requesting that this Court order his release from ICE custody. (*See generally id.*) In his Petition, he stated that he was challenging his continuous and unlawful detention after 180 days incarceration by ICE. (*Id.* at 1–2.) Petitioner relied on *Zadvydas v. Davis*, 533 U.S. 678 (2001), for the position that his detainment by ICE extended beyond what the U.S. Supreme Court found to be a "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701. Petitioner's Request for Relief asked this Court to direct Respondents "to immediately release Petitioner from custody." (*Id.* at 16.)

On April 22, 2021, this Court ordered Respondents to file a written answer certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case. (Doc. No. 5.) Respondents response on June 11, 2021 indicated that Petitioner was due to be removed to Liberia "in the reasonable foreseeable future." (Doc. No. 10.) Over two weeks later, Petitioner filed his reply, stating that he remained in custody. (Doc. No. 12.) On July 20, 2021, this Court ordered Respondents to update the Court on Petitioner's status. (Doc. No. 13.) On

July 29, 2021, the United States filed a response, indicating that Petitioner had been removed from the United States by ICE on July 21, 2021, by charter airline, and arguing that the Petition is now moot. (Doc. No. 14, Resp. 1–3; *see also* Doc. No. 15, Decl. of Richard N. Pryd Jr. ¶ 5.)

## DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (internal quotations omitted). The question, then, is whether Petitioner's removal effectively moots his request that the Court order his release from detention.

In *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002), an appeal from a petition for release from detention was found to be moot when the petitioner was removed and was no longer being detained. The Eleventh Circuit determined that "no order . . . requiring the INS to release [the petitioner] into the community awaiting his final removal could have any effect." *Id.* at 1243. The District of Minnesota has also expressly found habeas corpus petitions for release from detention moot when the petitioners have been removed from the United States. *See, e.g.*, *Hassan v. I.C.E.*, No. 13-841 (PJS/LIB), 2013 WL 3974522, at *1–2 (D. Minn. Aug. 2, 2013) (adopting report and recommendation to deny the petition as moot whereby the report and recommendation cited cases, including *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002)); *Mohamed v. U.S. Dep't of Homeland Security*, No. 13-643 (PAM/JJG), 2013 WL

5888081, at *1–2 (D. Minn. Oct. 31, 2013) (adopting report and recommendation to deny the petition as moot, which stated "Petitioner has already been removed to Somalia and therefore his request for release pending removal is moot"); *Orellana v. Napolitano*, No. 12-1184 (JRT/AJB), 2012 WL 6006038, at *2 (D. Minn. Nov. 6, 2012) ("Petitioner was removed from the United States . . . . Because [p]etitioner is no longer in state custody, he lacks standing to bring a claim for wrongful detention under 28 U.S.C. § 2241."), *report and recommendation adopted*, 2012 WL 6005776 (D. Minn. Nov. 30, 2012); *Estrada-Heredia v. Holder*, No. 12-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) ("Petition challenged only the length of [petitioner's] ICE detention . . . . This Court can no longer order the relief sought . . . because [petitioner] has already been repatriated to Mexico. Quite simply, there is nothing for us to remedy . . . ." (internal quotations omitted)), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012). The Eighth Circuit has reached a similar conclusion. *Cf. Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested."). Although this case ultimately dealt with release rather than removal, it illustrated the mootness effect of non-custody on petitions for release from detention stating the petitioner "arguably received the relief he requested." *Id.*

In this case, Petitioner sought release from ICE custody. He has now been removed from the United States. Because of this, a writ of habeas corpus cannot provide the relief he sought, and the Petition is moot.

## RECOMMENDATION

Based on the above, and on all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AS MOOT**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Judgement be entered accordingly.

Date: July 30, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).